# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2022

Lyle W. Cayce
Clerk

No. 21-30370
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMIEN JUSTIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-57-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Damien Justin appeals his jury-trial conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends that the evidence was insufficient to support the conclusion that he knowingly possessed a firearm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30370

We review properly preserved claims of sufficiency of the evidence de novo. *United States v. Daniels*, 723 F.3d 562, 569 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013). We give substantial deference to the jury verdict when reviewing a challenge to the sufficiency of the evidence under this standard of review. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). When we view the evidence in the light most favorable to the Government, we ask only whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Id.*

We conclude here that based on the evidence presented at trial a rational jury could have determined that Justin knew that the two firearms at issue were in his bedroom's nightstand. Special Agent Steven Rayes testified that Justin confessed to occupying the master bedroom and using the firearms found in the nightstand for protection. This confession was corroborated by independent evidence indicating that the box for one of the firearms was in plain view in the master bedroom closet among Justin's clothes. *See United States v. Deville*, 278 F.3d 500, 506 (5th Cir. 2002). Further, independent evidence indicated that Justin had dominion and control over the master bedroom in which the loaded firearms were found. *See id.*; *United States v. Meza*, 701 F.3d 411, 419-20 (5th Cir. 2012). Specifically, law enforcement agents testified that they found Justin's cell phone, driver's license, clothes, wallet, money, financial documents, and mail in the master bedroom, and that they provided photos of the same. *See id.*

Even absent Justin's confession, his dominion and control over the area where the firearms were found is sufficient to establish that he knowingly possessed them. *See id.* Although the firearms were not in plain view, they were located in the top drawer of the master bedroom's nightstand, a location "where they could hardly have escaped [Justin's] knowledge." *United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir. 1979). In light of the foregoing, a

2

No. 21-30370

rational jury could have found, beyond a reasonable doubt, that Justin knowingly possessed the firearms. *See Chon*, 713 F.3d at 818.

AFFIRMED.